IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARCO ANTONIO NUNEZ RAMOS,**

      **Plaintiff,**

v.                                                    **Civil Action No. 2:10cv27**
                                                           **(Judge Maxwell)**

**ERIC HOLDER, Attorney General,**
**HARLEY LAPPIN, Director, Federal Bureau of Prisons,**
**KUMA J. DeBOO, Warden,**

      **Defendant.**

## REPORT AND RECOMMENDATION

On March 2, 2010, the *pro se* plaintiff initiated this action by filing a "Petition For Preventive Relief Pursuant To 42 U.S.C. § 2000a-3 And For Judicial Relief Pursuant to 42 U.S.C. § 2000cc-2, For The Violation Of Eighth Amendment: To Issue Pursuant To 28 U.S.C. § 1651." Because the plaintiff is seeking monetary relief from federal officials, the case was docketed as a Bivens[1] complaint. On March 4, 2010, the plaintiff was granted permission to proceed *in forma pauperis*, and on March 25, 2010, the plaintiff paid the required initial partial filing fee. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P2 and 28 U.S.C. § 1915(e) and 1915(A).

## I. The Complaint

In the complaint, the plaintiff alleges that in 2008, he was transferred to FCI Gilmer. It appears that the plaintiff suffers from what he describes as severe dental problems, severe ear

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of narcotics, 403 U.S. 388 (1971), is a case in which the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities

infections and sleep apnea. The plaintiff maintains that the medical facilities at FCI Gilmer are inadequate as there is no full time dentist or optometrist employed at the facility, nor is there an infirmary, hospital or bilingual doctor. The plaintiff also alleges that the medical staff treated him more as a nuisance than as a patient. Finally, the plaintiff alleges that the defendants have been given notice of the inadequacy of the medical facilities. Accordingly, the plaintiff argues that the defendants, acting under color of law, have arbitrarily and capriciously violate his constitutional rights under the Eighth Amendment and those laws enacted for his benefit to receive proper and adequate medical attention. The plaintiff also appears to make a claim that he has been discriminated against because he is of Hispanic origins and an alien subject to deportation. The plaintiff seeks various forms of relief, including compensatory and punitive damages.

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Accordingly, under section 1915(e)(2)(B)(I), a claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989). The court may also dismiss a claim as "factually frivolous" under section 1915 if the facts alleged are clearly baseless. Denton, supra at 32. In making this determination, the court is not bound to accept without question the truth of the

plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

"To avoid dismissal of suits as frivolous, in forma pauperis plaintiff must meet certain minimum standards of rationality and specificity, and 'fantastic' or 'delusional' claims are insufficient to withstand charge of factual frivolity." Adams v. Rice, 40 F.3d 72, 72 (4th Cir. 1994). Further, an action is malicious when filled with "a wish to vex, annoy, or injure another, or an intent to do a wrongful act, and may consist in direct intention to injure, or in reckless disregard of another's rights." Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D.Va. 1977).

Additionally, dismissal for failure to state a claim is proper where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69 (1984). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were not presented, see Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments fore him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, the Court must accept as true the allegations et forth by the plaintiff in his complaint. See Perkins v. Kansas Department of Corrections, 165 F.3d 804 (10th Cir. 1999).

### III. ANALYSIS

Liability in a Bivens case is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability in a Bivens case, a plaintiff must specify the acts taken by each

3

defendant which violate his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right in a Bivens case. Rizzo v. Good, 423 U.S. 362 (1976).

However, in Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit recognized that supervisory defendants may be liable in a Bivens action if the Plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id.

Nonetheless, a plaintiff cannot establish supervisory liability merely by showing that the subordinate was deliberately indifferent to his needs. Id. Instead, Plaintiff must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id. Moreover, in reviewing claims of medical care, supervisors are entitled to rely on the judgment of the medical staff as to the course of treatment prescribed. Id.

In this case, the plaintiff does not allege any personal involvement on the part of the defendants. Instead, it appears that the plaintiff has named them merely in their official capacity as

4

the Attorney General, Director of the BOP, and Warden of FCI Gilmer. However, a suit against government agents acting in their official capacities is considered a suit against the United States itself. See Kentucky v. Graham, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally present only another way of pleading an action against an entity of which an officer is an agent.'"). Thus, because remedy under Bivens is against federal officials in their individual capacities, and not the federal government, the plaintiff cannot maintain a claim against the defendants in their official capacity.

Additionally, the plaintiff has failed to show that the defendants tacitly authorized or were indifferent to the alleged violation of his constitutional rights. Thus, the plaintiff has failed to make the appropriate showing of supervisory liability. Accordingly, the plaintiff has failed to state a Bivens claim against the defendants[2], and the case is due to be dismissed.

The undersigned recognizes that the plaintiff alleges that this action arises under 42 U.S.C. §§ 2000a-3 and 2000cc-2. 42 U.S.C. § 2000(a) prohibits discrimination or segregation in places of public accommodation, which do not include prisons. Douglas v. U.S. Attorney General, 404 F. Supp. 1314 (WD Okla 1975). In addition, the plaintiff cites 42 U.S.C. § 2000cc-2. The undersigned believes the plaintiff is referring to the Religious Land Use and Institutionalized Persons Act of 2000, which Congress enacted to protect a person from a land use regulation that impose a substantial burden on the person's free exercise of religion, and to protect the religious exercise of an institutionalized person. See 181 A.L.R. Fed. 247. While the plaintiff makes a vague allegation of racial discrimination, he makes no claim what so ever that he was denied the right to free exercise of his

---

[2] To the extent the plaintiff may be asserting that Defendants Lappin and DeBoo may have been deliberately indifferent to his serious medical needs by denying his administrative grievances, that claim is without merit. This is not the type of personal involvement required to state a Bivens claim. See Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003).

religion. Therefore, the plaintiff has failed to establish any basis for which a writ could issue in this matter.

## IV. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this case be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) ; Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: 8-23-2010

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE