# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARCO ANTONIO NUNEZ RAMOS,**

      **Plaintiff,**

v.                                                                                                     **Civil Action No. 2:10 CV 27**
                                                                                                    **(BAILEY)**

**ERIC HOLDER, Attorney General,**
**HARLEY LAPPIN, Director, Federal Bureau of Prisons,**
**KUMA J. DeBOO, Warden,**

      **Defendants.**

## ORDER

On March 2, 2010, *pro se* Plaintiff Marco Antonio Nunez Ramos initiated the above-styled civil action by filing a "Petition for Preventive Relief Pursuant to 42 U.S.C. § 2000a-3 and for Judicial Relief Pursuant to 28 U.S.C. § 1651" (Doc. 1). Because the plaintiff is seeking monetary relief from federal officials, the case was docketed as a ***Bivens***[1] complaint. Thereafter, the above-styled civil action was referred to United States Magistrate Judge David J. Joel in accordance with Rule 2 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e) and 1915A.

On August 23, 2010, Magistrate Judge Joel entered a Report and Recommendation ("R&R") (Doc. 18) wherein he recommended that the above-styled civil action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim. In his R&R, Magistrate Judge Joel provided the parties with fourteen (14) days from the date

---

[1] ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971), is a case in which the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities.

of receipt thereof in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon the R&R.

The Court's review of the docket in the above-styled civil action has revealed that no objections to the R&R have been filed and that this matter is now ripe for review. An August 30, 2010, docket entry in the above-styled civil action reveals that, on August 26, 2010, service of the plaintiff's copy of the R&R was accepted.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Upon consideration of Magistrate Judge Joel's August 23, 2010, Report and Recommendation, and having received no written objections thereto, it is

**ORDERED** that the R&R (Doc. 18), be, and the same is hereby, **ADOPTED** for the reasons more fully stated therein. Accordingly, it is

**ORDERED** that, pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the above-styled civil action be, and the same is hereby, **DISMISSED WITH PREJUDICE** for failure to state a

claim. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the defendants. It is further

**ORDERED** that, should the plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* plaintiff and to any counsel of record.

**DATED**: December 13, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE